IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,458-01






EX PARTE DAVID WAYNE DUCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04F0606-102-A IN THE 102ND DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance, methamphetamine, in an amount of more than 200 grams but less than 400
grams, and sentenced to forty years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Duck v. State, No. 06-06-00054-CR (Tex. App. - Texarkana, April 3, 2007, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance. 
Specifically, he alleges that counsel: (1) failed to seek fingerprint testing of jars of liquid found in
Applicant's storage room, to help determine whether Joanna Shope's allegation that she had planted
the jars without Applicant's knowledge was true; (2) failed to call witnesses Whitney, Randy Jewell,
and Carlene Carter to corroborate Shope's and Don Wild's testimony that Shope had planted the jars
found in Applicant's storage room; (3) failed to properly object to extraneous offense evidence,
including evidence that pornography and a pistol were found in Applicant's house, evidence of
Applicant's financial problems, including an I.R.S. lien on his home, a domestic disturbance call
from his house shortly before trial, and the State's assertion that a prior case against Applicant had
not gone to trial because Applicant had beaten up and intimidated a potential witness; and (4) failed
to request a jury instruction on a lesser offense after Shope testified that she had planted 258 grams
of methamphetamine in Applicant's storage room without his knowledge.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 19, 2008

Do not publish